DO NOT PUBLISH

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-386

STATE OF LOUISIANA

VERSUS

LAVOY ATRAIL ABRAMS

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 84069
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION. MOTION TO WITHDRAW GRANTED.**

**Asa Allen Skinner**
**District Attorney - 30th Judicial District Court**
**Terry Wayne Lambright**
**Assistant District Attorney**
**P. O. Box 1118**
**Leesville, LA 71496-1118**
**COUNSEL FOR APPELLEE:**
          **State of Louisiana**

**Mitchel Mark Evans, II**
**416 North Pine Street**
**DeRidder, LA 70634**
**COUNSEL FOR APPELLANT:**
       **Lavoy Atrail Abrams**

**Lavoy Atrail Abrams**
**Elayn Hunt Correctional Center**
**P. O. Box 174**
**St. Gabriel, LA 70776**

**Painter, Judge**

Defendant, Lavoy Atrail Abrams, was charged with armed robbery, a violation of La.R.S. 14:64; second degree battery, a violation of La.R.S. 14:34.1; false imprisonment, a violation of La.R.S. 14:46.1; and home invasion, a violation of La.R.S. 14:62.8, on December 4, 2012. Defendant originally entered a plea of not guilty, but he changed his plea to guilty of second degree battery and guilty of home invasion on April 3, 2013. The State dismissed the remaining charges.

On June 19, 2013, for second degree battery charge, the trial court sentenced Defendant to five years with the Department of Corrections, imposed a fine of $1,000, and assessed court costs. For home invasion, the court sentenced Defendant to ten years with the Department of Corrections, imposed a fine of $2,000, and assessed court costs. The trial court suspended five years of the sentence for home invasion, ordered supervised probation for five years upon release, and imposed various conditions of probation. The sentences were ordered to run concurrently. The trial judge advised Defendant that any motion to appeal had to be filed within thirty days, and that an application for post-conviction relief (PCR) had to be filed within two years.

Defendant timely filed a motion to reconsider his sentence on July 15, 2013. The trial court denied the motion without a hearing on July 12, 2013.[1] Defendant filed a *pro se* post-conviction motion for discovery on October 17, 2013. Counsel filed a "Motion for Devolutive Appeal and/or Out-of-Time Appeal (*Pursuant to*

---

[1]Although the motion is file-stamped July 15, 2013, the verification indicates it was forwarded to all parties on July 12, 2013, the same date the trial court denied the motion.

1

*the provisions of LSA-C.CR.P. Arts. §§936, et seq)*" on November 18, 2013.[2,] The motion sought "appellate review of that certain conviction entered on June 19, 2013, wherein Defendant herein was formally sentenced . . ." and requested an out-of-time appeal. The trial court denied the motion without a hearing or comment on November 19, 2013.

Defense counsel then filed an application for PCR on January 13, 2014. Counsel did not request an out-of-time appeal. The trial court found the application without merit and denied it on January 13, 2014. Counsel filed a second "Motion for Devolutive Appeal *(Pursuant to the provisions of LSA-C.C.P. Arts. §§2087, et seq)*" on February 14, 2014.[3] Counsel did not request an out-of-time appeal. The trial court granted the motion on February 20, 2014, allowing an appeal of the January 13, 2014 "judgment dismissing Defendant's Application for Post-Conviction Relief."

Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), on May 9, 2014, alleging no non-frivolous issues existed on which to base an appeal and seeking to withdraw as Defendant's counsel. After additional briefing ordered by this court, counsel satisfied the court in oral argument that, indeed, no non-frivolous issues existed for appeal. For

---

[2]The motion was not timely filed pursuant to La.Code Crim.P. art. 914. However, our supreme court has held a remand to the district court "would only prolong the delay without serving any useful purpose" where the trial court has granted a motion for appeal, and the State failed "to complain about any procedural irregularities in the ordering of the out-of-time appeal[.]" *State v. S.J.I.*, 06-2649 (La. 6/22/07), 959 So.2d 483, 483. Counsel's untimely motion for devolutive appeal equates to a properly-filed motion for appeal, and the *S.J.I.* reasoning applies.

[3]We note a devolutive appeal does not exist in Louisiana criminal law. Further, the Code of Civil Procedure has no effect in Louisiana criminal law.

reasons set forth below, we now dismiss Defendant's appeal but allow him to seek supervisory writs within thirty (30) days of the date of this decision and grant counsel's motion to withdraw.

**FACTS:**

The State submitted this factual basis for Defendant's guilty plea at the plea hearing: "[T]his defendant, along with other defendants, did go to and chase into a hotel room where the victim, Efrain Ramirez, was staying at the Sandman Motel, forced their way into his hotel room and proceeded to beat him and inflict serious injury to him."

**ANALYSIS:**

The motion for appeal sought appellate review of the trial court's denial of Defendant's application for PCR. Louisiana Code of Criminal Procedure Article 930.6(A) allows a defendant only to "invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief." It also provides that "[n]o appeal lies from a judgment dismissing an application or otherwise denying relief." Thus, it specifically prohibits the possibility of keeping an appeal viable where the appeal seeks review of the denial of an application for post-conviction relief. Counsel has already filed briefs indicating that he has found no non-frivolous issues for appeal, and this court has denied Defendant's motion for an extension of time to file a *pro se* brief.

Accordingly, we dismiss Defendant's appeal but allow him to file a proper application for supervisory writs regarding the trial court's February 20, 2014 order within thirty (30) days of the date of this decision. Defendant is not required to file a notice of intent to seek writs or obtain an order from the trial court setting

3

a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule

4-3. Further, counsel's motion to withdraw is granted

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION. MOTION TO WITHDRAW GRANTED.**